```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF WISCONSIN
```

MARY ANN (SHAW) NAWROCKI,

                      Plaintiff,

  v.                                                                 ORDER

VICKY KUTZ,                                                18-cv-846-jdp

                      Defendant.

Plaintiff Mary Ann Nawrocki, appearing pro se, alleges that defendant Vicky Kutz, an employee of the city of Madison's Community Development Authority, discriminated and retaliated against her by denying her subsidized housing. I granted Nawrocki leave to proceed on First Amendment retaliation, Fourteenth Amendment equal protection, and Fourteenth Amendment due process claims against defendant Kutz. *See* Dkt. 6.

After Kutz answered the complaint, Nawrocki submitted a proposed amended complaint that no longer named Kutz as a defendant; instead, Nawrocki names "Community Development Authority Housing Operation Division" as the sole defendant. Dkt. 12. The amended complaint also has less detailed allegations than her original complaint. I can't tell from the amended complaint why Nawrocki filed it; it is unclear whether she means for the new complaint to replace the original one, or if the new complaint is intended solely to add the Community Development Authority as a defendant. Nawrocki does not explain whether she wishes to drop defendant Kutz from the case entirely. I will give her a short time to respond to this order, explaining whether the amended complaint is meant to replace the original complaint and whether she still wishes to name Kutz as a defendant.

If Nawrocki means to amend her complaint to add the city's Community Development Authority as a defendant, the current amendment's allegations are too vague to support claims against the city. To do so, Nawrocki needs to allege that the alleged retaliation, discrimination, or lack of due process were caused by a county policy or custom or performed by an official with final policymaking authority. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). So if Nawrocki wishes to sue the city, she will need to submit a new amended complaint that includes allegations explaining how the city's actions meet this standard. I will give her a short time to fix this problem.

Nawrocki has filed a document titled "Memo requesting all my information/evidence, be documented with federal court," in which she discusses facts about her claims in other cases in this court about being mistreated as an employee of the Target Corporation. Dkt. 15. She has also filed a motion asking for the Federal Bureau of Investigation to investigate an October 2017 incident in which she believes that she was intentionally injured by a man who dropped a glass bottle near her feet. Dkt. 18. Neither of these documents are related to her claims about subsidized housing, so they do not belong in this lawsuit and I need not consider them further. Nawrocki should also know that this court does not initiate investigations for the FBI. She will have to contact law enforcement directly about any allegation of criminal behavior she wants to report.

ORDER

IT IS ORDERED that:

1. Plaintiff Mary Ann Nawrocki may have until November 5, 2019, to respond to this order by explaining who she wishes to sue in this lawsuit and by submitting a new

amended complaint explaining the basis for her claims against the city of Madison's Community Development Authority.

2. Plaintiff's "Memo requesting all my information/evidence, be documented with federal court," Dkt. 15, is DENIED.

3. Plaintiffs' request for FBI investigation, Dkt. 18, is DENIED.

Entered October 15, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge