IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARY ANN (SHAW) NAWROCKI,

                    Plaintiff,

  v.                                                    ORDER

VICKY KUTZ,                                        18-cv-846-jdp

                    Defendant.

---

Plaintiff Mary Ann Nawrocki, appearing pro se, alleges that defendant Vicky Kutz, an employee of the city of Madison's Community Development Authority, discriminated and retaliated against her by denying her subsidized housing. I granted Nawrocki leave to proceed on First Amendment retaliation, Fourteenth Amendment equal protection, and Fourteenth Amendment due process claims against defendant Kutz. *See* Dkt. 6.

After Kutz answered the complaint, Nawrocki submitted a proposed amended complaint replacing Kutz with "Community Development Authority Housing Operation Division" as the sole defendant. Dkt. 12. It was unclear whether Nawrocki intended to remove Kutz from the case, and the new complaint's allegations were too vague to support constitutional claims against the Community Development Authority—the amended complaint was less factually detailed than the original complaint. I directed Nawrocki to respond by explaining who she intended to name as defendants and, if she intended to bring constitutional claims against the Community Development Authority, respond by submitting a new amended complaint explaining how she was harmed by a county policy or custom or by an official with final policymaking authority. Dkt. 25, at 1–2 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

Nawrocki has responded with a letter addressing these issues as well as discussing other issues irrelevant to this lawsuit, such as allegations against Target Corporation that were part of other lawsuits that Nawrocki previously filed in this court. Dkt. 29. I'll consider only the portions of the letter related to this case.

Nawrocki says that she wants both Kutz and the Community Development Authority to be defendants in this case. Nawrocki did not provide a new amended complaint with allegations against the Community Development Authority, and even if I considered her statements in the letter to be a supplement to her already existing complaint, they do not state plausible constitutional claims against the Community Development Authority. At most, Nawrocki alleges that Kutz's supervisors must have approved Kutz's decision to deny her subsidized housing, but that isn't enough to state a claim against the authority under *Monell*. So I won't allow Nawrocki to proceed on constitutional claims against the authority.

But in her letter, Nawrocki points out that in her amended complaint she sought to bring claims under another source of law: the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, which allows a plaintiff to bring a private cause of action for being discriminated against in housing on the basis of race, color, religion, sex, familial status, or national origin. Nawrocki alleges that Kutz intentionally denied her housing because of her race, which is enough to state a Fair Housing Act claim against Kutz. The doctrine of respondeat superior applies in Fair Housing Act cases, *see City of Chicago v. Matchmaker Real Estate Sales Ctr., Inc.*, 982 F.2d 1086, 1096 (7th Cir. 1992), which means that Nawrocki may also sue the Community Development Authority under the Fair Housing Act. I'll consider Nawrocki's original and amended complaints together to be the operative complaint in this case, and the court will direct the United States Marshal to serve the authority.

Kutz has filed two motions to amend the schedule, Dkt. 30 and Dkt. 31, which I will grant. The schedule is amended as follows:

Dispositive motions deadline: June 15, 2020

Discovery cutoff: September 30, 2020

Final pretrial submissions and disclosures: October 7, 2020

Pretrial submission responses: October 21, 2020

Final pretrial conference: November 5, 2020, at 2:00 p.m.

Trial: November 16, 2020, at 9:00 a.m.

ORDER

IT IS ORDERED that:

1. Plaintiff Mary Ann Nawrocki is GRANTED leave to proceed on the following claims:

   - equal protection, retaliation, due process and Fair Housing Act claims against defendant Vicky Kutz.

   - A Fair Housing Act claim against defendant City of Madison Community Development Authority.

2. The clerk of court is directed to forward a summons, the complaint (Dkt. 1 and Dkt. 12), and this order to the United States Marshal for service on defendant City of Madison Community Development Authority.

3. Defendant Kutz's motions to amend the schedule, Dkt. 30 and Dkt. 31, are GRANTED. The current schedule and trial date are STRUCK and a new schedule is set as detailed above.

Entered April 8, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge